### POLICE JURY OF POINT COUPEE *vs.* SMITH'S SYNDICS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

A judgment, rescinding an order of seizure and sale, on account of the
insufficiency of the authentic evidence on which it was obtained, but
without prejudice to the creditors' rights in any other remedy he might
seek, cannot be pleaded as *res judicata,* or in bar of an action in the *via
ordinaria.*

The police jury may recover from the owner the value of *repairs* put on his
plantation, in making levees and roads, that are useful and necessary.  A
failure to give notice cannot defeat this action ; it is founded on the great
principle of equity that no man shall profit by the labor of another *with-
out compensation.   (Police Jury* vs. *Hampton,* 5 *Martin, N. S.,* 389-398.

EASTERN DIST.
May, 1839.

POLICE JURY OF
POINT COUPEE
vs.
SMITH'S SYNDICS

This is an action by the police jury of Pointe Coupée, to recover from the syndics of the creditors of Wm. Smith, the sum of six thousand dollars, which the plaintiffs had caused to be paid to Charles Morgan, under a contract with him to make and repair a public road and levee, on a plantation or tract of land then owned by Hiriart, and which was subsequently sold, and was purchased by Adelaide Borgeat, separated in property from her husband, J. F. Muse, and by her sold to William Smith, who surrendered it to his creditors.

This land or plantation is situated in the Parish of Pointe Coupée, and in 1831, a front of eleven arpents being without a public road and levee, was let out by public contract to Charles Morgan, to make a new road and levee for the sum of six thousand dollars. After Morgan had completed the work, he took out an order of seizure and sale against the land as owned by Hiriart, who lived in the adjoining Parish of West Baton Rouge. On litigating the matter, judgment was finally rendered, setting the order of seizure and sale aside, but reserving to the party his remedy in any other mode of proceeding. See case of *Hiriart* vs. *Morgan*, 5 *Louisiana Reports*, 43.

The present suit is instituted by the police jury, (having paid Morgan,) against the syndics of Smith's creditors, to have the plantation or land sold, and that they be placed on the tableau as privileged creditors for the amount of their demand, on the proceeds ; either in virtue of their contract with Morgan, or on a *quantum meruit*, for the work and improvements made on the land.

The defendants pleaded the former suit of Morgan against Hiriart by the executory proceedings as *res judicata*, and they expressly denied that the plaintiffs had any privilege or lien on the plantation or land in question, or any claim whatever against Smith's estate. They called Adelaide Borgeat, from whom Smith purchased, in warranty. Her counsel pleaded the exception of *res judicata*, and set up the judgment of *Hiriart* vs. *Morgan*, as a bar to the action.

Upon these issues the cause was tried ; and the district

EASTERN DIST.
. *May*, 1839.

POLICE JURY OF
POINT COUPEE
*vs.*
SMITH'S SYNDICS

judge was of opinion the exception was well taken, and gave judgment for the defendants. The plaintiffs appealed.

*L. Janin,* for the appellants, insisted, that the plaintiffs had a right to this form of action. If Morgan failed in his executory proceedings, it was because certain formalities had not been complied with. A mortgage claim may be insufficient to support executory proceedings, and yet be enforced in the *via ordinaria.*

2. The case of *Hiriart* vs. *Morgan* is not *res judicata.* The judgment there was, "that the order of seizure and sale be rescinded without prejudice to Morgan's rights to any other remedy to enforce his demands, except only to his right to obtain an order of seizure and sale against the land of the appellant." The remedy now pursued is expressly reserved in that judgment to Morgan, or any other party having the right to demand payment of the value of making the road and levee in question.

3. The demand is not between the same parties. The present plaintiffs did not derive their rights from Morgan, either by an express or implied subrogation. It was decided by the Supreme Court, in the case of Morgan vs. the present plaintiffs, 11 *Louisiana Reports,* 163, " that the right to sue is by this law conferred upon the Police Jury or Inspector, and *not* the undertaker." The present suit is expressly based (see the petition,) on this law, not on the subrogation which might have been supposed to result from any subrogation produced by the payment to Morgan.

4. The privilege now endeavored to be enforced, is given not only by the statute directing and defining the executory proceedings, but by the Louisiana Code, article 3216, No. 4. If the statute is not strictly complied with, it is not the privilege, but only the most expeditious way to enforce it, that is lost. It must, then, be sued on as an ordinary claim. The utmost effect which could be given to the omission of certain formalities, would be to deprive the plaintiffs of the right of relying on the adjudication alone, and to compel them to prove the value of the work.

EASTERN DIST.
*May*, 1839.

POLICE JURY OF
POINT COUPEE
*vs.*
SMITH'S SYNDICS.

5. The purchaser of the plantation bought with full notice of this privilege, which is recited in Hiriart's sale to his vendee, and against which he expressly warrants. He did not say that it was extinguished or invalid, but bound himself only to make good any loss which his vendee might sustain in consequence of it. Smith, the insolvent, who never paid a dollar on the property, is in the same situation.

6. The effect of the recording in the mortgage office of the adjudication, is to convey full notice to third persons, and the want of certain formalities only subjects us to the necessity of liquidating our demand, instead of treating it as liquidated by the adjudication. It is in the nature of a mortgage given to secure a party for successive endorsements up to a certain amount. No order of seizure and sale could be obtained on such a mortgage, but it would not the less be valid.

*I. W. Smith*, for the defendants.

1. By the act of 1821, the lien on the land was given to the undertaker. The plaintiffs show that Morgan was the undertaker. But he has failed to establish the lien. The Police Jury are bound by that judgment as *res judicata. Acts* 1831, *p.* 8, *sec.* 5. *Hiriart* vs. *Morgan, 5 Louisiana Reports,* 43. *Louisiana Code*, 2265.

2. The defendant in the former suit sold the land to Mrs. Muse, now called in warranty. It had been declared by this court free from the lien in the suit against Hiriart. That decision leaves inoperative the registry of the process verbal of the adjudication. The defendants, representing Mrs. Muse's vendee, ask the benefit of the judgment rendered in favor of Hiriart. 10 *Toullier, No.* 224, *p.* 273, *et seq.*

*Mitchell*, for the warrantor, insisted, that the case of Hiriart against Morgan settled this one ; that it was *res judicata.* Morgan was clearly the assignee or *ayant cause* of the police jury, and if he failed they must likewise fail in any attempt to enforce a privilege or mortgage against the plantation.

EASTERN DIST.

*May*, 1839.

POLICE JURY OF
POINT COUPEE
*vs.*
SMITH'S SYNDICS

2. It is manifest that the failure of the executory proceedings against Hiriart, arose from the irregularities of the police jury's proceedings, and which gave Morgan an action against them. In consequence of these proceedings, the land was freed from this claim when it was sold by Hiriart, and the exception is well taken to this action by the warrantor. 10 *Toullier*, 273, 4, 5, and 582.

*Rost, J.*, delivered the opinion of the court.

The defendants sued in the alternative, in their capacity of syndics, upon a contract entered into by the plaintiffs with an undertaker, to make a levee upon a tract of land now the property of the insolvent they represent, or for the value of the labor done and expended upon the land, under said contract, pleaded the peremptory exception of the thing adjudged, and the district court having maintained the exception, the plaintiffs appealed.

The judgment pleaded in bar of the present action, decrees that the order of seizure and sale granted by the parish judge, against the land upon which the levee had been made, be rescinded and annulled, at the cost of the plaintiff, without prejudice to his rights to any other remedy to enforce his demand, except only to his right to obtain an order of seizure and sale.

The plaintiffs in the present suit do not ask for an order of seizure and sale; and they pray, that if on account of any informality they cannot maintain an action on the contract, they may be allowed to recover on the *quantum meruit*. It appears to us, that this action is expressly reserved by the former judgment, and if it had not been, the plea of the defendants could not have been maintained. The principles upon which the right of action rests in the present case, were settled by this court, in the case of the *Police Jury* vs. *Hampton*, 5 *Martin, N. S.*, 389; and nothing has been shown that could make us doubt the correctness of that decision.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed,

A judgment, rescinding an order of seizure and sale on account of the insufficiency of the authentic evidence on which it was obtained, but without prejudice to the creditor's rights in any other remedy he might seek cannot be pleaded as *res judicata* or in bar of a different action.

The Police Jury may recover from the owner *the value of repairs* put on his plantation, in making levees & roads that are useful and necessary. A failure to give notice cannot defeat this action; it is founded on the great principle of equity that no man shall profit by the labor of another *without compensation*.

the exception overruled, and the case remanded for further proceedings, the defendants and appellees paying the costs of this appeal.